PRICE MEESE SHULMAN & D'ARMINIO, P.C.
50 Tice Boulevard, Suite 380
Woodcliff Lake, NJ 07677
Tel. (201) 391-3737
Fax (201) 391-9360
Rick A. Steinberg, Esq.
rsteinberg@pricemeese.com

Attorneys for Plaintiff,
Evergreen Shipping Agency (America) Corp.,

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EVERGREEN SHIPPING AGENCY (AMERICA) CORP., | Civil Action No. |
| Plaintiff, |  |
| vs. |  |
| BEACON LOGISTICCS LLC, | **COMPLAINT IN ADMIRALTY** |
| Defendant. |  |

Plaintiff, Evergreen Shipping Agency (America) Corp. ("Plaintiff" or "Evergreen"), having its principal place of business at One Evertrust Plaza, Jersey City, New Jersey 07302, by its attorneys, Price Meese Shulman & D'Arminio, P.C., by way of Complaint in Admiralty against Defendant, Beacon Logistics LLC, a New Jersey limited liability company ("Defendant"), having its principal business address at 33 Wood Avenue South, Suite 600, Iselin, New Jersey 08830, avers as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1333. This matter arises under the laws of the United States, in particular, The Shipping Act of 1984 (as amended), 46 U.S.C. § 40101 et seq. (hereinafter "the Shipping Act"), and involves contract(s) within the

1

jurisdiction of this Court or claims pendent or ancillary to the same. This is an admiralty and maritime claim.

## FIRST COUNT
### (For Money due Under Tariff & Service Contracts)

2.      Plaintiff is the agent in the United States for Evergreen Marine (Asia) Pte., Ltd., which has its headquarters at 200 Cantonment Rd, #12-01 Southpoint, Singapore 089763. Evergreen is a container shipping company and common carrier by water, *inter alia*, in the interstate and foreign commerce of the United States as defined in the Shipping Act and was such a common carrier for the benefit of Defendant.

3.      Defendant is and was at all times herein mentioned, a natural person, firm, association, organization, partnership, corporation, business, trust, or public entity, with its principal place of business or residence in this district and is and was a legal entity capable of being sued.

4.      Venue is proper in this judicial district because it is where the claim arose and/or because Defendant resides or does business in the district.

5.      Defendant is a bonded Non-Vessel Operating Common Carrier ("NVOCC") as defined in 46 CFR 515.2(K) and licensed by the Federal Maritime Commission. The definition refers to transporting by water of cargo between the United States and a foreign country for compensation without operating the vessels by which the transportation is provided. Defendant acted as such in the transaction herein. Defendant holds itself out as being experienced in ocean freight transactions and, or should be, cognizant of the duties that attach to being named as a party "Merchant" to a Bill of Lading.

6.      Upon information and belief, Defendant was and is acting as an NVOCC and/or Ocean Transportation Intermediary ("OTI") as defined in 46 CFR 512.5 as to these shipments under the bills of lading contracts of carriage, and acted at all times relevant as the shipper on plaintiff's

bills of lading contracts of carriage.  As such, Defendant agreed to pay all freight, drayage, loading, accessorial, and other charges incident to the transportation of Defendant's and/or its nominee's goods to their ultimate destinations.

7.      Plaintiff has filed a schedule of its rates and charges and service contracts for the carriage of cargo, wharfage and dockage detention and demurrage with the Federal Maritime Commission or has otherwise maintained said rates, charges, tariffs or service contracts pursuant to the Shipping Act.  Pursuant to the Shipping Act, Plaintiff is prohibited from transporting cargo for a lesser rate than that specified in its tariffs or service contracts.  The Shipping Act also prohibits Defendant from obtaining transportation or attempting to obtain transportation of cargo at lesser rates.

8.      Plaintiff transported cargo for the benefit of Defendant during 2024-2025 in the foreign commerce of the United States in the course and scope of Defendant's operations.  Such transportation and services provided are evidenced by Plaintiff's service contracts, bills of lading and/or freight bills, invoices, credit agreements and freight guarantees, the terms of which are incorporated herein through this reference.  Plaintiff has fully performed its tariff obligations.  A summary of the relevant bills of lading and invoices is attached hereto as Exhibit "A" and made a part hereof.

9.      Plaintiff has demanded that Defendant pay the full amount due of $305,746.36.

10.     Defendant has knowingly and willfully failed and refused to pay Plaintiff the full amount due.

11.     Consequently, Defendant is liable to Plaintiff in the amount of $305,746.36, plus reasonable attorney fees and interest thereon.

## SECOND COUNT
### (Breach of Written Contract)

12.    Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 9 of the Complaint as if fully set forth herein.

13.    Said transportation was performed pursuant to written contract(s) of carriage and/or service contracts between Plaintiff and Defendant, as evidenced by said bills of lading and/or invoices listed in Exhibit "A."

14.    Plaintiff has fully performed its obligations under said contracts except those obligations, if any, which Plaintiff was excused from performing.

15.    Plaintiff has demanded that Defendant pay the amount due under said contracts and the Defendant has refused to pay thereon.

16.    Consequently, Defendant is liable to plaintiff in the amount of $305,746.36, plus reasonable attorney fees and interest thereon.

## THIRD COUNT
### (Unjust Enrichment)

17.    Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18.    Defendant has been unjustly enriched by failing to pay the ocean freight and/or demurrage and/or detention charges in an amount not less than $305,746.36.

## FOURTH COUNT
### (Quantum Meruit)

19.    Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20.    The fair value of the ocean cargo carriage and/or detention services provided by Plaintiff to Defendant is not less than $305,746.36.

**FIFTH COUNT**
**(Account Stated)**

21.     Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22.     Plaintiff issued the subject bills of lading on behalf of Defendant as shipper or consignee as evidenced by said bills of lading and/or invoices listed in Exhibit "A.".

23.     Based on the account stated, Plaintiff has been damaged in an amount not less than $305,746.36.

**SIXTH COUNT**
**(Attorney Fees)**

24.     Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25.     The bill of lading provides at Section 14.4 in pertinent part that "The Merchant of the Goods shall be jointly land severally liable to Carrier for the payment of all freight, … demurrage, detention, General Average, salvage and other charges, including but not limited to court costs, expenses and reasonable attorney's fees incurred in collecting sums due to the Carrier."

26.     Based on the terms of the bill of lading, Defendant is liable to Plaintiff for reasonable attorney fees and expenses incurred in collecting any sums due to Evergreen.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount not less than $305,746.36, plus interest, court costs, attorney fees and such other relief as the court deems just and equitable.

> PRICE MEESE SHULMAN & D'ARMINIO, P.C.
> Attorneys for Plaintiff,
> Evergreen Shipping Agency (America) Corp.

By:    /s/ Rick A. Steinberg
Rick A. Steinberg

Dated: June 11, 2025

## CERTIFICATION PURSUANT TO DNJ LOCAL CIVIL RULE 11.2

I certify that the matter in controversy herein is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding now or contemplated, and that no other parties should be joined in this action.

By:    /s/ Rick A. Steinberg
Rick A. Steinberg

Dated: June 11, 2025